IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA


DAN BROWN
    PLAINTIFF,

v.                                                        Civil Action No.  2:15-cv-11549

ROBERT BELT,
DEPUTY SHERIFF,
CLAY COUNTY SHERIFF'S OFFICE,
246 MAIN STREET
CLAY, WEST VIRGINIA 25043,

GARRETT SAMPLES, JR.
CLAY COUNTY SHERIFF,
CLAY COUNTY SHERIFF'S DEPARTMENT,
246 MAIN STREET,
CLAY, WEST VIRGINIA 25043, and

CLAY COUNTY COMMISSION
246 MAIN STREET, PO BOX 190,
CLAY, WV 25043,

**COMPLAINT**

I. <u>PRELIMINARY STATEMENT, JURISDICTION, and VENUE</u>

1. This is an action brought pursuant to Title II of the ADA, 42 U.S.C. §12132, et seq.;  section 504 of the RA, 29 U.S.C. § 794, et seq.;  and 42 U.S.C. §1983.

2. This court has jurisdiction over this claim is based on the statutes listed in Paragraph 1 above; the plaintiff and defendants reside in Clay County, West Virginia; the

1

acts or omissions of the defendants occurred in this judicial district; and the amount in controversy exceeds $75,000.

3. Venue in this judicial district is proper since the defendants are headquartered in Clay County located in the Southern District of West Virginia and the Plaintiff resides in Clay County, West Virginia; and nearly all or a substantial part of the acts, transactions, events, and/or omissions complained of occurred in this judicial district.

## II.  PARTIES

4. Plaintiff, Dan Brown, is a resident of Clay, West Virginia, in Clay County, West Virginia.

5. Defendant, Robert Belt, is a Deputy Sheriff with the Clay County Sheriff's Department, with a physical address for service of process of 246 Main Street, Clay, West Virginia 25043.

6. Defendant, Garrett Samples, Jr., is the Sheriff of Clay County, with a physical address for service of process of 246 Main Street, Clay, West Virginia 25043.

7. Defendant, Clay County Commission, is the governing body of Clay County, West Virginia, and can be served at 246 Main Street, Clay, WV 25043.

## IV.  FACTUAL ALLEGATIONS

8. On or about July 26, 2013, Deputy Robert Belt witnessed the Plaintiff, Dan Brown, on the side of the road with a flat tire.

9. Deputy Belt approached the Plaintiff, Dan Brown, and without any reasonable suspicion began to search the vehicle and conduct a traffic stop for DUI.

10. Deputy Belt was informed by the Plaintiff that he was 100% disabled and could not take the normal tests for DUI.

11. Deputy Belt administered the Horizontal Gaze Nystagmus, the Walk and Turn, and the One-Leg Stand.

12. The Plaintiff has had several injuries in the past and the injuries prevent the Plaintiff from being able to successfully complete the three tests without reasonable accomodations.

13. The Plaintiff has Nystagmus since he was 5 years old.

14. The Plaintiff has a leg injury that prevents him from being able to place weight on his leg that is required for the Walk and Turn and the One-Leg Stand.

15. Even though the Defendant, Robert Belt, was made aware of these disabilities, he continued to administer the tests without any reasonable accommodations.

16. The Plaintiff blew a 0.0 on the PBT.

17. The Plaintiff requested a blood test for further proof that he was not under the influence.

18. The Defendant, Robert Belt, failed to request that a blood test be administered.

19. The Defendant, Robert Belt, arrested the Plaintiff for Driving Under the Influence based solely on the three (3) tests he administered without reasonable accommodations based on the Plaintiff's disabilities.

## FIRST CAUSE OF ACTION

**Discrimination Under the American with Disabilities Act
and Failure to Provide Reasonable Accommodations in Accordance with the
Act under Title II of the ADA, 42 U.S.C. §12132, et seq.; section 504 of the RA, 29
U.S.C. § 794, et seq.**

20. The ADA expressly provides that a disabled person is discriminated against when an entity fails to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." Id. at § 12182(b)(2)(A)(iii) (emphasis added).

21. A plain reading of the ADA evidences that Congress intended to impose an affirmative duty on public entities to create policies or procedures to prevent discrimination based on disability. Id. § 12182(b)(2)(A)(ii)-(iii) (1985).

22. Defendants, Robert Belt, Garrett Samples, Jr., and the Clay County Commission failed to take affirmative steps, create policies or procedures to prevent the Plaintiff from being discriminated against based on his disabilities.

23. Specifically, Defendant Robert Belt, failed to provide reasonable accommodations or administer alternative tests to determine whether or not the Plaintiff was driving under the influence.

24. The failure to provide alternative tests, including the blood test that the Plaintiff specifically requested was an intentional act of discrimination on the part of Officer Belt.

## SECOND CAUSE OF ACTION

### Negligent Hiring, Supervision and/or Training

25. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 24.

26. The Defendants Garrett Samples, Jr., and the Clay County Commission, failed to properly train and supervise the defendant, Robert Belt.

27. At the time, Deputy Belt had approximately thirteen (13) years with the Clay County Sheriff's Department and was never trained on the Americans with Disabilities Act and the requirement to provide reasonable accommodations to disabled individuals during DUI traffic stops.

28. The Defendant, Clay County Commission, failed to properly fund training on the American with Disabilities Act and therefore, created an environment within the county where the Plaintiff was likely to be discriminated against because of lack of training of the county police officers.

29. The failure to properly train and supervise the Defendant, Robert Belt, by the defendants, Garrett Samples, Jr., and the Clay County Commission led to the Plaintiff being discriminated against and said discrimination was intentional and/or caused by the indifference displayed by the defendants to respecting the rights of disabled individuals during the conducting of traffic stops within Clay County.

## THIRD CAUSE OF ACTION

### Violation of Due Process Rights under the 4th and 14th Amendments

To the Constitution of the United States
Under 42 U.S.C. § 1983

30. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 29.

31. The Plaintiff was arrested, seized and searched without any reasonable suspicion by the arresting officer, or if there was reasonable suspicion for a DUI traffic stop, the officer's reasonable suspicion was based on the Plaintiff's disabilities.

32. The failure of the officer to provide reasonable accommodations and/or alternative tests to assess the Plaintiff's sobriety caused the Plaintiff to be discriminated against based on his disabilities, wrongfully arrested and wrongfully held.

33. The totality of the circumstances not only caused discrimination under the ADA, but also led to the officer violating the Due Process rights of the Plaintiff under the 4th and 14th Amendments to the Constitution of the United States.

## FOURTH CAUSE OF ACTION

### Wrongful Arrest

34. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 33.

35. As a result of the Defendant, Robert Belt's actions or omissions, the

6

Plaintiff was wrongfully suspected and arrested for DUI.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress/Outrage

36. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 35.

37. The Defendants' conduct has been intentional, extreme and outrageous. And, that intentional, extreme and outrageous conduct has caused the Plaintiff, Dan Brown, to suffer from severe emotional and mental distress.

## DAMAGES

38. As a direct and proximate result of defendants' actions set forth above, plaintiff, Dan Brown, has suffered the following damages:

   a.) $10,000 in actual damages related to legal expense, bonding, inconvenience, travel, and general other expenses related to dealing with the consequences of the discriminatory acts and/or omissions of the defendants.

   b.) $1,000,000.00 in general damages to the Plaintiff's reputation;

   c.) $1,000,000.00 in non-economic damages for severe emotional distress and mental anguish associated with the arrest and subsequent damage to reputation, anxiety, mental anguish, public ridicule, nuisance, and outrage;

   d.) An award of an unspecified amount of punitive damages because

the acts, conduct, and behavior of the defendants were performed knowingly, intentionally, and maliciously, and/or with reckless or callous indifference to the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court:

(1) Find and declare that the arrest of the Plaintiff, Dan Brown, was wrongful; (2) Find and declare that the failure to provide reasonable accommodations and/or alternative tests to assess the sobriety of the Plaintiff during a DUI traffic stop was intentional discrimination under the ADA;

(3) Find and declare that the Defendants engaged in intentional, extreme and outrageous conduct that has caused the Plaintiff, Dan Brown, to suffer from severe emotional and mental distress;

(4) Find that the Defendants failed to properly train, hire and/or supervise the arresting officer.

(5) Enjoin the Defendants from further retaliating and/or discriminating against the Plaintiff;

(6) Award actual damages to the plaintiff in the amount of $10,000 for expenses associated with the discrimination;

(7) Award general damages to the Plaintiff's reputation of $1,000,000.00;

(8) Award non-economic damages in the amount of $1,000,000.00 to the

Plaintiff's for severe emotional distress and mental anguish;

    (9) Award the Plaintiff, at least, $1,000,000.00 in punitive damages against the Defendants;

    (10) Award Plaintiff pre-judgment and post-judgment interest at the statutory rate;

    (11) Award Plaintiff attorney's fees and costs; and

    (12) Grant such other relief as the Court may deem just and proper.

### THE PLAINTIFF DEMANDS TRIAL BY JURY

                                  RESPECTFULLY SUBMITTED,
                                  DAN BROWN,
                                  By Counsel,

/s/Hiram C. Lewis, IV
Hiram C. Lewis, IV (W.Va. Bar # 8821)
*LewisLaw*
4184 Elk River Road
Procious, WV  25164
Telephone: (304) 587-4782
Fax: (855) 853-2062
Email: hiramlewis4@hotmail.com

9