```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA

                             AT CHARLESTON
```

DAN BROWN,

    Plaintiff,

v.                                    Civil Action No. 2:15-cv-11549


ROBERT BELT, Deputy Sheriff, et al.,

    Defendants.

## ORDER

Pending before the court is the plaintiff's motion for leave to amend the complaint, filed on September 15, 2016.[1] Plaintiff included a proposed amended complaint. The defendants responded with objections. This order is directed to the motion and the proposed amended complaint.

Amendment of a complaint after a responsive pleading has been filed is permitted by leave of court, which will be given freely "when justice so requires." Fed. R. Civ. P. 15(a). Authority supports the court's imposition of conditions on its leave to amend under Rule 15(a) "as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it." 6 Wright & Miller, Federal

---

[1] The court ruled on the other requests in the motion in its order entered on October 13, 2017.

Practice and Procedure § 1486 (3d ed.), Westlaw.  Accordingly, the court chooses to grant leave to amend and to allow some, albeit not all, of the claims in the proposed amended complaint to stand.

On October 13, 2017, the court granted in part and denied in part the defendants' motion to dismiss the original complaint.  Insofar as the allegations in the proposed amended complaint are identical, or closely related, to those in the original complaint, the court is guided by its reasoning in that earlier memorandum opinion and order.

In particular, the claim of negligent hiring, referred to in the heading of the fourth cause of action on p. 13 of the proposed amended complaint, has not been pled, and is therefore stricken.  Additionally, the sixth cause of action for wrongful arrest on July 26, 2013 is time-barred because of a one-year statute of limitations on such a claim under W. Va. Code § 55-2-12(c), and therefore stricken.

Having disposed of this preliminary matter on the basis of the earlier analysis, the court proceeds to consider the defendants' objections to the remainder of the proposed amendments.

Defendants argue that counts 7, 8, 10, 12, 13, and 15 are completely unrelated to the claims in the original complaint

and do not meet the requirements of permissive joinder under Rule 20 of the Federal Rules of Civil Procedure. The rule states:

> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20.

The court agrees with the defendants that in those counts, joint and several liability is not asserted. However, the face of the amended complaint shows that the counts arise out of the same series of transactions or occurrences, satisfying the second prong of the disjunctive provision in Rule 20(2)(A). In broad terms, plaintiff alleges a pattern of discriminatory and retaliatory conduct against him by law enforcement agents in Clay County, West Virginia, and identified members of the West Virginia State Police, arising in part out of his alleged disabilities, and in part motivated by his litigation against some of the actors implicated. Defendants do not argue that the requirement of Rule 20(2)(B) is not met, nor would such an argument have merit. Accordingly, the court allows the

amendment as to the wrongful arrest claim against State Trooper Steven Demaske (count 7), wrongful arrest claims against Trooper Tyler McFeeley (counts 8 and 10), Section 1983 retaliation claims (counts 12 and 13), and the wrongful arrest claim against multiple defendants (count 15).

Defendants object to allowing counts 9 and 14 inasmuch as they relate to a July 5, 2016 arrest of the plaintiff for driving under the influence, for which the defendants argue there was probable cause.  Defendants further raise the qualified immunity defense.  However, the court does not see fit to consider or rule on these defenses at this procedural juncture, without the benefit of full briefing of the matter. Moreover, count 9 alleges being placed in a dark room with a red light for four hours, an allegation that is arguably not covered by the probable cause for arrest, and count 14 is presented as a retaliatory Section 1983 claim.  Therefore, the counts are allowed to stand.

The court similarly overrules the objection that no constitutional violation is alleged in count 14 inasmuch as the allegedly retaliatory action suffices for pleading purposes. "Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different

reason." Gunter v. Morrison, 497 F.3d 868, 873 (8th Cir. 2007) (internal citation omitted).

Defendants object to count 11, for failure to investigate an alleged robbery of a building[2] and theft and to file a police report. Plaintiff alleges that on February 20, 2015, he was the victim of a break-in and robbery and that Deputy Robert Belt refused to investigate it and failed to produce a police report. Am. Compl. ¶¶ 107-11. Plaintiff says that more than $40,000 worth of tools were stolen. Id. at ¶ 108. As a result, plaintiff encountered numerous problems with his insurance company. Id. at ¶ 112-14. Inasmuch as the plaintiff labels this claim "retaliatory" under Section 1983, the claim is allowed at this stage in the spirit of favoring the right to amend.

Finally, the court dismisses from the amended complaint Magistrate Jeffrey Boggs. "When acting in his judicial capacity a judge is immune from civil liability for any and all official acts." Pritchard v. Crouser, 332 S.E.2d 611, 614 (W. Va. 1985) (internal citations omitted).

This order under Rule 15, guided by the principle of liberally allowing amendments, is in no way prejudicial against any possible future action the court may take, by Fed. R. Civ.

---

[2] Maybe burglary was meant.

P. 12 or otherwise, with regard to any of the claims in the amended complaint that are allowed herein.

In sum, it is ORDERED as follows:

1. The motion for leave to amend be, and it hereby is, granted except as set forth below.

2. The proposed amended complaint is accepted as filed with the following exceptions:

    a. Magistrate Jeffrey Boggs is dismissed from this action.

    b. The claim of negligent hiring in count 4 is dismissed.

    c. Count 6 for wrongful arrest is dismissed.

3. The Clerk shall file the amended complaint attached to the motion as of this date.

4. The plaintiff shall serve process on the defendants on or before April 20, 2018.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 30, 2018

John T. Copenhaver, Jr.
United States District Judge