**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

DAN BROWN
       PLAINTIFF,

v.                              Civil Action No. 2:15-cv-11549
                                   Judge John T. Copenhaver, Jr.

ROBERT BELT,
DEPUTY SHERIFF,
CLAY COUNTY SHERIFF'S OFFICE,
246 MAIN STREET
CLAY, WEST VIRGINIA 25043,

TYLER CARUTHERS,
DEPUTY SHERIFF,
CLAY COUNTY SHERIFF'S OFFICE,
246 MAIN STREET,
CLAY, WEST VIRGINIA  25043,

GARRETT SAMPLES, JR.
CLAY COUNTY SHERIFF,
CLAY COUNTY SHERIFF'S DEPARTMENT,
246 MAIN STREET,
CLAY, WEST VIRGINIA 25043,

CLAY COUNTY COMMISSION
246 MAIN STREET, PO BOX 190,
CLAY, WV 25043,

MAGISTRATE JEFFREY BOGGS,
225 MAIN STREET
CLAY, WV  25043,

COLONEL C. R. "JAY" SMITHERS,
SUPERINTENDANT,
WEST VIRGINIA STATE POLICE,

1

711 JEFFERSON ROAD
SOUTH CHARLESTON, WV  25309,

STATE TROOPER STEVEN DEMASKE
WEST VIRGINIA STATE POLICE
711 JEFFERSON ROAD
SOUTH CHARLESTON, WV  25309,

STATE TROOPER TYLER DANA McFEELEY
WEST VIRGINIA STATE POLICE
PO BOX 100
5650 BIG OTTER HIGHWAY
IVYDALE, WV  2511

DEFENDANTS.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.  PRELIMINARY STATEMENT, JURISDICTION, and VENUE

1.  This is an action brought pursuant to Title II of the ADA, 42 U.S.C. §12132, et

seq.;  section 504 of the RA, 29 U.S.C. § 794, et seq.;  and 42 U.S.C. §1983 for certain

violations of the Plaintiff's Constitutional Rights including retaliation claims against the

Defendants for certain retaliatory acts against the Plaintiff for exercising his Constitutional right to

petition the government for a redress of grievances.

2.  This court has jurisdiction over this claim is based on the statutes listed in Paragraph

1 above; the plaintiff and defendants reside in Clay County, West Virginia; the acts or omissions

of the defendants occurred in this judicial district; and the amount in controversy exceeds

$75,000.

3.  Venue in this judicial district is proper since the defendants are headquartered in Clay County located in the Southern District of West Virginia and the Plaintiff resides in Clay County, West Virginia; and nearly all or a substantial part of the acts, transactions, events, and/or omissions complained of occurred in this judicial district.

## II.  PARTIES

4.  Plaintiff, Danny Dale Brown, is a resident of Clay, West Virginia, in Clay County, West Virginia.

5.  Defendant, Robert Belt, is a Deputy Sheriff with the Clay County Sheriff's Department, with a physical address for service of process of 246 Main Street, Clay, West Virginia 25043.

6.  Defendant, Tyler Caruthers, is a Deputy Sheriff with the Clay County Sheriff's Department, with a physical address for service of process of 246 Main Street, Clay, West Virginia.

7.  Defendant, Garrett Samples, Jr., is the Sheriff of Clay County, with a physical address for service of process of 246 Main Street, Clay, West Virginia 25043.

8.  Defendant, Clay County Commission, is the governing body of Clay County, West Virginia, and can be served at 246 Main Street, Clay, WV 25043.

9.  Defendant, Jeffrey Boggs, is a Magistrate of Clay County, West Virginia, and may be served at 225 Main Street, Clay, West Virginia 25043.

10.  Defendant, Colonel C. R. "Jay" Smithers, is the Superintendent of the West Virginia State Police with a service of process address of 711 Jefferson Road, South Charleston, WV  25309.

11.  State Trooper Steven Demaske is a West Virginia State Police Officer assigned to the Headquarters Detachment with a service of process address of 711 Jefferson Road, South Charleston, WV  25309.

12.  State Trooper Tyler Dana McFeeley, is a West Virginia State Police Officer, assigned to the Big Otter Detachment of the West Virginia State Police, and may be served at 5650 Big Otter Highway, Ivydale, West Virginia, 25113.

IV.  FACTUAL ALLEGATIONS

10. On or about July 26, 2013, Deputy Robert Belt witnessed the Plaintiff, Dan Brown, on the side of the road with a flat tire.

11.  Deputy Belt approached the Plaintiff, Dan Brown, and without any reasonable suspicion began to search the vehicle and conduct a traffic stop for DUI.

12.  Deputy Belt was informed by the Plaintiff that he was 100% disabled and could not take the normal tests for DUI.

13.  Deputy Belt administered the Horizontal Gaze Nystagmus, the Walk and Turn, and the One-Leg Stand.

14.  The Plaintiff has had several injuries in the past and the injuries prevent the Plaintiff from being able to successfully complete the three tests without reasonable accommodations.

15.  The Plaintiff has Nystagmus since he was 5 years old.

16.  The Plaintiff has a leg injury that prevents him from being able to place weight on his leg that is required for the Walk and Turn and the One-Leg Stand.

17.  Even though the Defendant, Robert Belt, was made aware of these disabilities, he continued to administer the tests without any reasonable accommodations.

18.  The Plaintiff blew a 0.0 on the PBT.

19.  The Plaintiff requested a blood test for further proof that he was not under the influence.

20.  The Defendant, Robert Belt, failed to request that a blood test be administered.

21.  The Defendant, Robert Belt, arrested the Plaintiff for Driving Under the Influence based solely on the three (3) tests he administered without reasonable accommodations based on the Plaintiff's disabilities.

22.  The DUI was later dismissed by Magistrate Mike King.

23.  The Plaintiff contested the revocation of his license in an administrative hearing held on November 20, 2013, in which the Defendant Robert Belt admitted that he was negligent when filling out the DUI Information sheet and that he has

5

never received training on ADA compliance and/or providing "reasonable accommodations" to disabled individuals whose disability impairs their ability to pass the three standard tests administered during a field sobriety check.

24.  The revocation proceeding was dismissed following the contested administrative hearing based on lack of evidence of impairment.

25.  The Plaintiff, Danny Dale Brown, was determined to be 100% disabled by the United States Social Security Administration, Office of Disability Adjudication and Review, by a Fully Favorable, Notice of Decision Letter dated June 21, 2007.

26.  Prior to filing the original Complaint in this action, but after the Plaintiff successfully obtained dismissals of the DUI charged by Deputy Belt and the dismissal of the administrative review action on the Plaintiff's license, the Defendant Robert Belt retaliated against the Plaintiff by refusing to fill out a police report and/or conduct a proper investigation into a robbery that occurred on or about February 20, 2015.

27.  The Plaintiff lost over $40,000 worth of tools in the robbery and Deputy Robert Belt failed to conduct any investigation into the loss and refused to file a police report.

28.  Because of the failure to file a police report, the Plaintiff's insurance claim was negatively impacted and the insurer chose to conduct an "examination under oath" on or about July 24, 2015.

29.  The failure of Deputy Robert Belt to conduct an investigation and file a police report not only hampered the insurance claim, but cost the Plaintiff the loss of his tools that may have been recovered, the loss of money associated with the claim, and ultimately delayed the processing of the claim.

30.  The Plaintiff, based upon good faith information and reasonable belief, claims that Deputy Robert Belt was dating or seeing a woman named Shonda Tanner at the time of the Plaintiff's arrest.

31.  The Plaintiff was on his way to Shonda Tanner's house on the day he was arrested.

32.  Based upon good faith and reasonable belief, Deputy Robert Belt layed in wait under the Bridge at the Big Otter Exit of I-79 knowing that the Plaintiff Dan Brown was on his way to Shonda Tanner's house.

33.  Based upon good faith information and reasonable suspicion, the Plaintiff believes that Deputy Belt caused the blowout of the Plaintiff's tire that led to the traffic stop that was not supported by probable cause or reasonable suspicion.

34.  The Plaintiff, based on good faith information and belief, alleges that the Defendants have continued to retaliate against the Plaintiff and that retaliation has been consistent and ongoing ever since the original DUI traffic stop that occured on or about July 26, 2013.

35.  Based upon good faith information and belief, the Plaintiff alleges that Defendant, Deputy Robert Belt communicated to certain members of the West

7

Virginia State Police, Clinton Nichols, and/or Aaron Nichols to "target" the Plaintiff

Dan Brown and charge him with DUI in order to obtain a conviction against the

Plaintiff for suing the Defendants.

36.  On or about May 22, 2015, Trooper First Class P.A. Huff, Senior Trooper

J.M. Tallman and Trooper Steve P. Demaske arrested the Plaintiff for DUI, Left of

Center, and No Proof of Insurance.

37.  All three charges were later dismissed on or about March 3, 2016, after

the officers failed to appear and no proof of impairment was presented.

38.  On or about January 15, 2016, the Plaintiff was again arrested by the

West Virginia State Police for felony Burglary after he called 911 to report a man

invading his home and battering him.

39.  Instead of prosecuting the assailant for assault and battery, breaking and

entering, and/or other crimes related to the home invasion, Trooper Tyler Dana

McFeeley, arrested the Plaintiff Dan Brown for (1). Burglary, (2). Destruction of

Property, and (3). Providing False Information to the State Police.

40.  Even though, the Plaintiff never filed any motion to bifurcate, the

Magistrate who signed the warrants for arrest bifurcated the charges "sua sponte" and

attempted to have a bench trial on the charges to obtain a quick conviction.

41.  Magistrate Jeffrey Boggs arraigned the Plaintiff, signed the warrants and

attempted to bifurcate the charges to deny the Plaintiff his right to a trial by jury.

8

42.   The Burglary, Destruction of Property, and Providing False Information to the State Police charges that were brought based on the January 15, 2016, home invasion are still pending in Clay County Magistrate Court.

43.   On or about the 5th of July, 2016, the Plaintiff was operating a motor vehicle in downtown Clay when traffic came to a stop and a vehicle in front of the Plaintiff Dan Brown backed up into the Plaintiff's car causing an accident.

44.   The Defendant, Deputy Robert Belt arrived on the scene with Deputy Tyler Caruthers and began questioning the Plaintiff.

45.   Deputy Robert Belt ordered Deputy Tyler Caruthers to conduct a DUI field sobriety field tests and once again charged the Plaintiff with DUI.

46.   The Deputies also ordered an expert from the Charleston Police Department to conduct specialized testing of the Plaintiff claiming Mr. Brown was under the influence of suppressants.

47.   The Deputies were once again informed that the Plaintiff was disabled and unable to pass the field sobriety tests.

48.   The Deputies, even after being informed of the Plaintiff's disabilities, continued to conduct the standard field sobriety tests and failed to provide "reasonable accommodations" as required under the Americans with Disabilities Act.

49.   The Plaintiff has valid prescriptions for the drugs he takes on a daily basis and

has never been told by any doctor that he is unable to drive while on his prescribed medications.

50.   The Plaintiff again requested a blood test be administered to prove that he had only taken his prescribed medications.  The officers refused to obtain a blood test.

51.   The Plaintiff was placed under arrest and taken to a dark closet and placed under a red light for more than four (4) hours while a man interrogated him and asked numerous questions.

52.   While testing the Plaintiff, the expert from the Charleston Detachment, the Plaintiff felt as if he was being "tortured"; he was held under a red light and not allowed to take his regular medications once the red lights and torture treatment triggered a migraine.

53.   On or about July 23, 2016, the Plaintiff was once again arrested for Burglary by Trooper Tyler D. McFeeley.

54.   The two Burglary charges and the third DUI charge are still pending in Clay County Magistrate Court.

55.   On or about March 31, 2016, the Defendant Robert Belt filed a Complaint against the Plaintiff's sister, Mary Nichols, alleging that she committed a battery on her brother-in-law, Clinton Nichols.  Defendant Magistrate Jeffrey Boggs, once again found probable cause, signed the warrant for arrest and conducted the arraignment of Mary Nichols. He was also assigned the case.

56.   The Defendant Magistrate Jeffrey Boggs has refused to recuse himself

from the cases and has attempted to "railroad" both the Plaintiff and his sister

throughout the proceedings to obtain convictions.

57.   The retaliation against the Plaintiff's sister, Mary Nichols, has been

ongoing and continuous since the arrest of March 31, 2016.

## FIRST, SECOND, THIRD CAUSES OF ACTION

**Discrimination Under the American with Disabilities Act
and Failure to Provide Reasonable Accommodations during DUI traffic stops
held on July 26, 2013; May 22, 2015; and July 5, 2016 in Accordance with the
Act under Title II of the ADA, 42 U.S.C. §12132, et seq.; section 504 of the RA, 29
U.S.C. § 794, et seq.**

**CLAY COUNTY COMMISSION
SHERIFF GARRETT SAMPLES, JR.
DEPUTY ROBERT BELT
DEPUTY TYLER CARUTHERS
WEST VIRGINIA STATE POLICE
COLONEL C.R. "JAY" SMITHERS
TROOPER STEVEN DEMASKE
MAGISTRATE JEFFREY BOGGS**

58.   The Plaintiff hereby incorporates the allegations and facts specified in

Paragraphs 1 through 57 of the Plaintiff's First Amended Complaint.

59.   The ADA expressly provides that a disabled person is discriminated against when

an entity fails to "take such steps as may be necessary to ensure that no individual with a

disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services."   *Id.* at §  12182(b)(2)(A)(iii)

(emphasis added).

60. A plain reading of the ADA evidences that Congress intended to impose an affirmative duty on public entities to create policies or procedures to prevent discrimination based on disability. *Id.* § 12182(b)(2)(A)(ii)-(iii) (1985).

61. Defendants, Robert Belt, Tyler Caruthers, Garrett Samples, Jr., Clay County Commission, West Virginia State Police, Magistrate Jeffrey Boggs, Colonel C. R. "Jay" Smithers, Trooper Steven Demaske, and Trooper Tyler Dana McFeeley failed to take affirmative steps; provide reasonable accommodations; create policies or procedures; and properly train employees and staff to prevent the Plaintiff from being discriminated against based upon his disabilities.

62. Specifically, Defendants Robert Belt, Trooper Steven Demaske, and Tyler Caruthers failed to provide reasonable accommodations or administer alternative tests to determine whether or not the Plaintiff was driving under the influence during a traffic stops conducted on or about July 26, 2013; May 22, 2015; and July 5, 2016.

63. The failure to provide alternative tests, including the blood tests that the Plaintiff specifically requested was an intentional act of discrimination on the part of Officer Robert Belt and Tyler Caruthers.

64. During each DUI traffic stop, the Plaintiff failed the three (3) standard field sobriety tests administered by the officers to assess sobriety and was arrested.

65. The Plaintiff blew a 0.0 on the intoximeter testing conducted by the officers during each arrest.

66. The officers failed to make reasonable accommodations to assess "impairment" as required once no evidence of alcohol is detected from a DUI suspect.

67. During each stop, the Plaintiff informed the officers of his disabilities that impair his ability to pass the three (3) standard field sobriety tests.

68. The Plaintiff failed the three (3) standard field sobriety tests because of his disabilities.

69. During the three (3) DUI traffic stops conducted by the Defendants, the Plaintiff was arrested for DUI based on one or more failures of standard field sobriety tests that the Plaintiff cannot successfully pass because of his disabilities.

## FOURTH CAUSE OF ACTION

### Negligent Hiring, Supervision and/or Training

**CLAY COUNTY COMMISSION**
**SHERIFF GARRETT SAMPLES, JR.**
**WEST VIRGINIA STATE POLICE**
**COLONEL C.R. "JAY" SMITHERS**

70. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 69.

71. The Defendants Garrett Samples, Jr., Clay County Commission, Colonel C. R. "Jay" Smithers, Jr., and the West Virginia State Police failed to properly train and supervise the employees, officers and/or staff on the requirements of the American with Disabilities Act to provide "reasonable accommodations" to disabled individuals like the Plaintiff during traffic stops as explained by the Court in *Delano-Pyle v. Victoria County, Tex*., 302 F.3d 567 (Fed. 5th Cir., 2002).

72. The Plaintiff, by reason of his multiple disabilities that causes his failure of the three (3) field sobriety tests, was excluded from participation in, or denied the benefits of, the services, programs, or activities of a public entity, or otherwise subjected to discrimination by Clay County and the State of West Virginia.

73. The Defendants' conduct was intentional, outrageous, and done without regard to the rights of the Plaintiff.

74.  The Defendants' exclusion, denial, or discrimination proximately caused damages to the Plaintiff.

75.   Deputy Robert Belt has over thirteen (13) years with the Clay County Sheriff's Department and admitted under oath that he has never been trained on the Americans with Disabilities Act and the requirement to provide reasonable accommodations to disabled individuals during DUI traffic stops.

76.  The Defendants, Clay County Commission and Sheriff Garrett Samples, Jr., failed to properly fund training on the American with Disabilities Act and therefore, created an environment within the county where the Plaintiff was likely to be discriminated against because of lack of training of the county police officers.

77.  The failure to properly train and supervise the Defendant, Robert Belt, by the defendants, Garrett Samples, Jr., and the Clay County Commission led to the Plaintiff being discriminated against and said discrimination was intentional and/or caused by the indifference displayed by the defendants to respecting the rights of disabled individuals during the conducting of traffic stops within Clay County.

## FIFTH CAUSE OF ACTION

**Violation of Due Process Rights under the Fourth, Fifth and Fourteenth, Amendments of the Constitution of the United States Under 42 U.S.C. § 1983**

**CLAY COUNTY COMMISSION**
**SHERIFF GARRETT SAMPLES, JR.**
**DEPUTY ROBERT BELT**
**DEPUTY TYLER CARUTHERS**
**WEST VIRGINIA STATE POLICE**
**COLONEL C.R. "JAY" SMITHERS**
**TROOPER STEVEN DEMASKE**
**MAGISTRATE JEFFREY BOGGS**

78.  The Plaintiff incorporates and alleges all the factual allegations

14

contained in paragraphs 1 through 77.

79. The Plaintiff was arrested, seized and searched without any reasonable suspicion by the arresting officer, or if there was reasonable suspicion/probable cause for a DUI traffic stop, the officer's reasonable suspicion/probable cause was based on the Plaintiff's disabilities.

80. The failure of the officer to provide reasonable accommodations and/or alternative tests to assess the Plaintiff's sobriety/impairment caused the Plaintiff to be discriminated against based on his disabilities, wrongfully arrested and wrongfully held.

81. The totality of the circumstances, multiple arrests, and inability of the Plaintiff to be secure in his home has not only caused discrimination under the ADA, but also led to the officers and Magistrate involved to violating the Due Process rights of the Plaintiff under the 1st, 4th, 5th, and 14th Amendments to the Constitution of the United States.

## SIXTH CAUSE OF ACTION

### WRONGFUL ARREST
### July 26, 2013
### DUI #1

### CHIEF DEPUTY ROBERT BELT

82. The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 81.

83. As a result of the Defendant, Robert Belt's actions or omissions, the

Plaintiff was wrongfully suspected and arrested for DUI on July 26, 2013.

84.  The wrongful arrest of the Plaintiff on July 26, 2013, was intentional and conducted in bad faith and any and all evidence of impairment was based on the Plaintiff's disabilities.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL ARREST**
**May 22, 2015**

**DUI #2**

**TROOPER STEVEN DEMASKE**

85.  The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 84.

86.  The Plaintiff was arrested for DUI on or about May 22, 2015, West Virginia State Trooper Steven Demaske.

87.  The Plaintiff explained to the West Virginia State Police Officers on the scene that he was disabled and unable to successfully pass the three (3) standard field sobriety tests.

88.  The Plaintiff was arrested because his disabilities caused him to fail the three (3) standard field sobriety tests.

89.  The Plaintiff requested and was denied any alternative tests to determine sobriety and/or impairment.

90.  The Plaintiff was denied alternative tests to determine sobriety and/or impairment; had to post bond; hire an attorney and defend the charges in Kanawha

County Magistrate Court.

91.  The actions of the West Virginia State Police during the arrest, detention,

and prosecution of the Plaintiff was wrongful and intentional.

92.  The charges were dismissed in March 2016.

### EIGHTH CAUSE OF ACTION

**WRONGFUL ARREST**
**January 15, 2016**

**Burglary (Felony), Destruction of Property, and**
**Providing False Information to State Police**
**(VICTIM OF HOME INVASION)**

**TROOPER McFEELEY**
**MAGISTRATE BOGGS**

93.  The Plaintiff incorporates and alleges all the factual allegations

contained in paragraphs 1 through 92.

94.  On January 15, 2016, a man living in an apartment next door to the

Plaintiff busted down the Plaintiff's door and battered the Plaintiff.

95.  The Plaintiff called 911 to report the home invasion.

96.  Defendant, Trooper McFeeley appeared at the scene and instead of

believing the Plaintiff was assaulted, Trooper McFeeley arrested the Plaintiff for

Burglary, Destruction of Property and Providing False Information to the State

Police.

97.  The charges are still pending in Clay Magistrate Court.

98.  Defendant, Magistrate Jeffrey Boggs found probable cause, arraigned the

case, assigned the case to himself and has attempted to "railroad" the Plaintiff to

obtain a conviction.

## NINTH CAUSE OF ACTION

### WRONGFUL ARREST
### July 5, 2016

### DUI #3

### DEPUTY ROBERT BELT
### DEPUTY TYLER CARUTHERS
### CLAY COUNTY COMMISSION
### SHERIFF GARRETT SAMPLES, JR.
### MAGISTRATE JEFFREY BOGGS

### (Still Pending)

99.  The Plaintiff incorporates and alleges all the factual allegations

contained in paragraphs 1 through 98.

100.  Plaintiff was arrested for DUI again by Deputy Robert Belt and Tyler

Caruthers following a minor traffic accident on Main Street in Clay, West Virginia,

on or about July 5, 2016.

101.  The Plaintiff was arrested based on his disabilities and as retaliation for

filing this lawsuit against Deputy Robert Belt who showed up at the scene of the

accident and directed deputy Tyler Caruthers to make the arrest and "torture" the

Plaintiff for more than four (4) hours in a dark room with a red light.

102.  The retaliation/wrongful arrest is still pending in Magistrate Court of

Clay County before Magistrate Jeffrey Boggs.

## TENTH CAUSE OF ACTION

18

**Wrongful Arrest on July 23, 2016**

**Burglary (Felony)**

**TROOPER MCFEELEY**
**MAGISTRATE JEFFREY BOGGS**

**(Still Pending)**

103.   The Plaintiff incorporates and alleges all the factual allegations

contained in paragraphs 1 through 102.

104.   The Plaintiff was arrested by Trooper McFeeley for Burglary on or

about July 23, 2016.

105.   Based upon reasonable information and good faith belief, the Plaintiff

alleges that the Plaintiff was charged with Burglary in retaliation for the filing of this

lawsuit.

## ELEVENTH CAUSE OF ACTION

**Retaliation Claim #1 Under 42 U.S.C. § 1983**
**For Violation of the Constitutional Rights of the Plaintiff**

**Failure to secure property, investigate robbery/theft, file a police report,
and/or conduct any other reasonable acts designed to help the Plaintiff
recover over $40,000 worth of tools that were stolen from a building on Main
Street or cooperate with the Plaintiff's insurer caused the Plaintiff to suffer
financial damages, loss of tools, loss of sleep, security, anxiety, stress, mental
and physical damages.**

**DEPUTY ROBERT BELT**
**SHERIFF GARRETT SAMPLES, JR.**
**CLAY COUNTY COMMISSION**

106.  The Plaintiff incorporates and alleges all the factual allegations

contained in paragraphs 1 through 105.

107.  On or about February 20, 2015, the Plaintiff was a victim of a break in and robbery of a building where the Plaintiff stored tools.

108.  More than $40,000 worth of tools were stolen from the building.

109.  The Plaintiff went to the Sheriff's office to report the theft.

110.  Deputy Robert Belt was assigned to the investigation.

111.  Deputy Robert Belt refused to investigate the matter and failed to produce a police report concerning the break-in and robbery.

112.  The Plaintiff encountered numerous problems from his insurance company because of the Defendant Robert Belt's refusal to file a police report.

113.  The insurer forced the Plaintiff to undergo an examination under oath because of the lack of a police report regarding the incident and treated the Plaintiff as if he was lying.

114.  The Plaintiff was damaged for the retaliation by Deputy Belt and his failure to file a police report concerning the incident.

<u>**TWELFTH CAUSE OF ACTION**</u>

**Retaliation Claim #2 Under 42 U.S.C. § 1983**
**For Violation of the Constitutional Rights of the Plaintiff**

**DUI 2015**

**TROOPER STEVEN DEMASKE**
**COLONEL C.R. "JAY" SMITHERS**
**WEST VIRGINIA STATE POLICE**
**DEPUTY ROBERT BELT**

**"DISMISSED"**

20

115.  The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 114.

116.  Based upon good faith information and reasonable belief, the Plaintiff alleges that the Defendant Deputy Robert Belt communicated to certain individuals in the West Virginia State Police to "target" the Plaintiff and arrest the Plaintiff if given the opportunity.

117.  On or about May 22, 2015, the Defendant Steven Demaske conducted a DUI traffic stop of the Plaintiff.

118.  The Plaintiff notified the officers that he was disabled and unable to successfully pass the three (3) standard field sobriety tests because of his disabilities.

119.  The Plaintiff failed the three (3) standard field sobriety tests and was arrested for DUI based on his disabilities.

120.  The Plaintiff believes that the arrest was in retaliation for filing of this lawsuit based on the communications from Deputy Robert Belt to West Virginia State Police to arrest the Plaintiff at any opportunity.

121.  The Plaintiff has been damaged by the retaliation and wrongful arrest.

## THIRTEENTH CAUSE OF ACTION

### Retaliation Claim #3 Under 42 U.S.C. § 1983
### For Violation of the Constitutional Rights of the Plaintiff

**Wrongful Arrest for Burglary, Destruction of Property, and Providing False Information to the State Police on or about January 15, 2016, was done as retaliation for the filing of this lawsuit which is a fundamental Constitutional Right of the Plaintiff under the First Amendment of the Constitution**

21

**guaranteeing the Plaintiff the right to Petition the Government for a redress of grievances.**

### TROOPER MCFEELEY
### MAGISTRATE JEFFREY BOGGS

### (Still Pending)

122.  The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 121.

123.  The Plaintiff was the victim of a home invasion and assault and battery on January 15, 2016.

124.  The Plaintiff called 911 and reported the break in and assault.

125.  The Defendant, Trooper McFeeley responded, but instead of arresting the assailant, Trooper McFeeley arrested the Plaintiff for Burglary, Destruction of Property and Providing False Information to the Police.

126.  The Defendant, Magistrate Jeffrey Boggs, found probable cause, held the arraignment and assigned the case to himself.

127.  The Defendant, Magistrate Jeffrey Boggs, has refused to recuse himself and continues to try to obtain a conviction against the Plaintiff.

128.  The charges are still pending in the Magistrate Court of Clay County.

129.  The Plaintiff has been damaged by the retaliation actions of the Defendants, Trooper McFeeley and Magistrate Jeffrey Boggs.

### FOURTEENTH CAUSE OF ACTION

### Retaliation Claim #4 Under 42 U.S.C. § 1983
### For Violation of the Constitutional Rights of the Plaintiff

22

### Third DUI Charge and Torture

**DEPUTY TYLER CARUTHERS**
**DEPUTY ROBERT BELT**
**SHERIFF GARRETT SAMPLES**
**CLAY COUNTY COMMISSION**

**Wrongful arrest on July 5, 2016, was done based on the Plaintiff's disabilities and as retaliation for the filing of this lawsuit which is a fundamental Constitutional Right of the Plaintiff under the First Amendment of the Constitution guaranteeing the Plaintiff the right to Petition the Government for a redress of grievances.**

### (Still Pending)

130.  The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 129.

131.  The Plaintiff was in a minor traffic accident on July 5, 2016.

132.  The Defendants, Deputy Robert Belt and Deputy Tyler Caruthers investigated the accident and arrested the Plaintiff once again for DUI.

133.  The Plaintiff had taken his regular morning prescription medication that morning, but was not under the influence of any other drugs and/or alcohol.

134.  The Plaintiff informed the Defendants, Robert Belt and Tyler Caruthers that he was disabled and could not successfully pass the three (3) standard field sobriety tests.

135.  The Plaintiff was administered the three (3) standard field sobriety tests and taken to the West Virginia State Police Barracks in Big Otter.

136.  The Plaintiff remained at the barracks for nearly four (4) hours.

137.  The Plaintiff was suffering from a migraine headache and requested to

23

be allowed to take his prescribed medication for migraines.

138.  The Plaintiff was denied his medications for the four (4) hour period.

139.  Once an expert arrived from Charleston, the Plaintiff was placed in a dark closet and tested under a red light for forty-five minutes to an hour.

140.  The Plaintiff described the entire incident as feeling as if he was "tortured" for four (4) hours.

141.  The Plaintiff was arrested based on his disabilities.

142.  The Plaintiff was then tested or "tortured" based on his disabilities.

143.  The Plaintiff has never been told by any doctor or the State of West Virginia or any entity that controls his privilege to drive in the State of West Virginia, that he cannot drive under the influence of his prescription medication.

144.  The Plaintiff requested to be allowed to take a blood test to prove that he was only under the influence of his daily morning dose of prescription medication.

145.  The Plaintiff was denied a blood test.

146.  Based on the expert's testing, the Plaintiff was charged with DUI.

147.  The Plaintiff believes that the charges were based on his disability and done in retaliation for the filing of this lawsuit.

148.  The Plaintiff was damaged from the retaliation and continues to suffer damages related to the retaliation.

**FIFTEENTH CAUSE OF ACTION**

**Retaliation Claim #5 Under 42 U.S.C. § 1983**
**For Violation of the Constitutional Rights of the Plaintiff**

**Burglary #2**

**TROOPER MCFEELEY**
**COLONEL C.R. "JAY" SMITHERS**
**WEST VIRGINIA STATE POLICE**

**Wrongful Arrest for Burglary on July 23, 2016, was done as retaliation for the
filing of this lawsuit by Trooper McFeeley which is a fundamental
Constitutional Right of the Plaintiff under the First Amendment of the
Constitution guaranteeing the Plaintiff the right to Petition the Government
for a redress of grievances.**

**(Still Pending)**

149.  The Plaintiff incorporates and alleges all the factual allegations

contained in paragraphs 1 through 148.

150.  The Plaintiff was arrested for Burglary again on or about July 23, 2016,

by the same officer who arrested the Plaintiff for the first Burglary charge, Trooper

McFeeley.

151.  Once again the charge for burglary involved the officer's discretion as

to whether he believed the Plaintiff or not.

152.  The Defendant, Trooper McFeeley chose once again not to believe the

Plaintiff and arrested the Plaintiff for Burglary.

153.  In this case, the Defendant Magistrate Jeffrey Boggs found probable

cause, arraigned the Plaintiff, but assigned the case to the other Clay County

Magistrate Jeff Rider.

25

154.  The case is still pending in Clay County Magistrate Court.

155.  The Plaintiff believes this charge is in further retaliation for the filing of this lawsuit.

156.  The Plaintiff has suffered damaged because of the retaliation and continues to be damaged by the retaliatory acts of Trooper McFeeley, Deputy Robert Belt, and Magistrate Jeffrey Boggs.

**SIXTEENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress/Outrage**

157.  The Plaintiff incorporates and alleges all the factual allegations contained in paragraphs 1 through 156.

158.  Defendants' conduct has been intentional, extreme and outrageous.

159.   The intentional, extreme and outrageous conduct of the Defendants has caused the Plaintiff, Danny Dale Brown, to suffer from severe emotional and mental distress.

160.  The consistent and continuing retaliatory acts of the Defendants has caused the Plaintiff to attempt suicide and eight (8) days in a mental health care facility.

**DAMAGES**

161.  As a direct and proximate result of defendants' actions set forth above, plaintiff, Dan Brown, has suffered the following damages:

a.)  $60,000 in actual damages related to legal expense, bonding,

26

inconvenience, travel, loss of tools, claim devaluation and general other expenses related to dealing with the consequences of the discriminatory acts and/or omissions of the defendants.

b.)  $3,000,000.00 in general damages to the Plaintiff's reputation;

c.)  $3,000,000.00 in non-economic damages for severe emotional distress and mental anguish associated with the arrest and subsequent damage to reputation, anxiety, mental anguish, public ridicule, nuisance, and outrage;

d.)  An award of an unspecified amount of punitive damages because the acts, conduct, and behavior of the defendants were performed knowingly, intentionally, and maliciously, and/or with reckless or callous indifference to the rights of others.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this Court:

(1)  Find and declare that the multiple arrests of the Plaintiff, Danny Dale Brown, were wrongful;

(2)  Find and declare that the failure to provide reasonable accommodations and/or alternative tests to assess the sobriety/impairment of the Plaintiff during a DUI traffic stop was intentional discrimination under the ADA;

(3)  Find and declare that the Defendants engaged in intentional, extreme and outrageous conduct that has caused the Plaintiff, Dan Brown, to suffer from severe emotional and mental distress;

27

(4)  Find that the Defendants failed to properly train, hire and/or supervise the arresting officers;

(5)  Find and declare that the Plaintiff has been retaliated against for the exercise of his fundamental Constitutional rights;

(6)  Enjoin the Defendants from further retaliating and/or discriminating against the Plaintiff;

(7)  Award actual damages to the plaintiff in the amount of $60,000 for expenses associated with the discrimination, retaliatory conduct, and denial of the Plaintiff's Constitutional rights;

(8)  Award general damages to the Plaintiff's reputation of $3,000,000.00;

(9)  Award non-economic damages in the amount of $3,000,000.00 to the Plaintiff's for severe emotional distress and mental anguish;

(10)  Award the Plaintiff at least $1,000,000 in punitive damages against the Defendants;

(11)  Award Plaintiff pre-judgment and post-judgment interest at the statutory rate;

(12)  Award Plaintiff attorney's fees and costs; and

(13)  Grant such other relief as the Court may deem just and proper.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,
DANNY DALE BROWN,
By Counsel,

/s/Hiram C. Lewis, IV
Hiram C. Lewis, IV (W.Va. Bar # 8821)
*LewisLaw*
4184 Elk River Road
Procious, WV 25164
Telephone: (304) 719-0065
Fax: (855) 853-2062
Email: hiramlewis4@hotmail.com